

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5499 | DATE | 4/3/2001 |
| CASE TITLE | USA ex rel SANANTONE MOSS vs. SCHOMIG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, respondent's motion to dismiss the petition for a writ of habeas corpus is granted. The petition for a writ of habeas corpus is dismissed in its entirety as untimely. This action is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 04 2001 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | MW docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/3/2001 date mailed notice | |
| JS courtroom deputy's initials | | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 0 4 2001

UNITED STATES OF AMERICA ex rel.,
SANANTONE MOSS

Plaintiff,

v.                                              No. 00 C 5499

JAMES M. SCHOMIG,

Defendant.

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Petitioner Sanantone Moss filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent James M. Schomig has filed a motion to dismiss the petition as untimely. For the following reasons, respondent's motion to dismiss petitioner's writ of habeas corpus is GRANTED.

## PROCEDURAL HISTORY

Following a jury trial, petitioner was convicted of aggravated criminal sexual assault of a child victim on October 15, 1992 and sentenced to an extended term of 60 years imprisonment. Petitioner appealed the judgment, and the Illinois Appellate Court affirmed his conviction and sentence on September 29, 1995. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court; the Illinois Supreme Court denied that petition on January 31, 1996. Petitioner also filed a petition for post-conviction relief in the Circuit Court of Cook County. That petition was dismissed without a hearing on July 31, 1996. Petitioner then filed an appeal to the Illinois

1

/9

Appellate Court. Petitioner's counsel filed a motion to withdraw as appellate counsel pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S. Ct. 1990 (1987). The Illinois Appellate Court granted counsel's Finley motion and denied petitioner's appeal on December 19, 1997.

Petitioner did nothing more with regard to this case until October 12, 1999, almost two years after the Illinois Appellate Court denied his appeal. On that date, petitioner first sought leave to file a late petition for leave to appeal the affirmance of the dismissal of his first post-conviction petition to the Illinois Supreme Court, which denied that motion on November 2, 1999. Petitioner moved a second time to file a late petition for leave to appeal on November 22, 1999. That petition was also denied by the Illinois Supreme Court on February 1, 2000.

On September 5, 2000, petitioner filed the instant petition for writ of habeas corpus, raising five grounds for relief to support his claim that he is being held in violation of the Constitution, laws, or treaties of the United States.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year period of limitation for filing of petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1) provides that limitation, stating: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . ." Under Gendron v. United States, the limitations period begins to run either on AEDPA's effective date (April 24, 1996), the date when either direct review or time for direct review is concluded, or the date when state post-conviction review is concluded -- whichever is later. 154 F.3d 672, 675 (7th Cir. 1998).

2

Subsection (d)(2) of the same section provides that the time during which a "properly filed" application for state post-conviction relief is pending "shall not be counted" toward the period of limitation. 28 U.S.C. § 2244(d)(1)(A). In this case, the one-year limitations period began to run on December 19, 1997, the day the Illinois Appellate Court denied petitioner's appeal, thus concluding his post-conviction review.[1]

Respondent contends that the petition for writ of habeas corpus is untimely because it was not filed within the one-year statute of limitations from the Illinois Appellate Court's denial of petitioner's appeal on December 19, 1997. Petitioner responds that the statute of limitations should be equitably tolled because he was never notified that his counsel's Finley motion had been granted and his appeal had been denied, and that he did not know that he needed to file an appeal or petition for leave to appeal to the Illinois Supreme Court. Petitioner also contends that his time should be equitably tolled because he was incarcerated in the psychiatric ward at the Cook County Jail awaiting an evaluation for fitness to stand trial on a subsequent charge at the time of the decision to deny his appeal, and that if he had received notice of the denial, he would not have been able to proceed with

---

[1] Under Illinois Supreme Court Rule 606, petitioner had 30 days, until January 19, 1998, to file a petition for leave to appeal to the Illinois Supreme Court. Section 2244(d)(2) does not specifically state whether the period when a "properly filed application" for post-conviction review includes the time to appeal; this contrasts with § 2244(d)(1)(A), which specifically states that the period does not begin to run until the time to file an appeal for direct review ends. However, the Seventh Circuit recently held that the time in which a prisoner could have, but did not, file a petition for certiorari to the United States Supreme Court does not toll the statute of limitations for filing a habeas petition. Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000). This court believes that Gutierrez's reasoning applies with equal force to the time in which a prisoner could have, but did not, seek leave to appeal to a higher state court. Accordingly, the clock began to run on petitioner on December 19, 1997, when the Illinois Appellate Court denied petitioner's appeal. However, the 30-day time to appeal would not affect whether petitioner's petition is timely in this case.

3

any appeal due to his mental condition. Petitioner contends that the one-year statute of limitations began running at the time he was denied leave to file a late notice of appeal, not when his appeal was denied by the Illinois Appellate Court.

The timeliness of petitioner's request for a writ of habeas corpus depends on whether the period of limitation for his claim began to run on December 19, 1997 (when the Illinois Appellate Court denied petitioner's appeal) or on October 12, 1999 (when the Illinois Supreme Court denied petitioner's motion to file a late petition for leave to appeal the affirmance of the dismissal of his post-conviction petition). This court must, therefore, examine whether an untimely motion to file a late petition for leave to appeal constitutes a "properly filed application" under § 2244(d)(2). If it does not, then petitioner's untimely motion to file a late petition for leave to appeal did nothing to reset the clock on the statute of limitations for petitioner's writ of habeas corpus and his petition is time-barred.

This court concludes that petitioner's untimely motion to file a late petition for leave to appeal to the Illinois Supreme Court was not a "properly filed application" under § 2244(d)(2). The Seventh Circuit has repeatedly held that whether a petition is "properly filed" depends upon how the state courts treated it. See, e.g., Freeman v. Page, 208 F.3d 572, 576 (7th Cir. 2000). If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed. Id. Here, while the clerk's office of the Illinois Supreme Court accepted petitioner's motion, the court did not look to the merits. In fact, the Illinois Supreme Court Rules do not even contemplate an extension of time for leave to file a notice of appeal more than six months of the expiration of the time for filing a notice of appeal. See Ill. S. Ct. R. 606(c) (extension of time may be granted on motion showing failure to timely appeal was not due

4

to petitioner's culpable negligence if filed within six months of the expiration of time for filing the notice of appeal). Petitioner filed his request to file a late notice of appeal on October 12, 1999, almost two years after the expiration of his 30 day time limitation in which to file a notice of appeal. As such, there is no way in which petitioner's late petition for leave to appeal could be considered "properly filed" under Illinois law. Compare Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 364 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example . . . the time limits upon its delivery . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar."). Here, unlike in Artuz, the Illinois Supreme Court refused to accept petitioner's request for leave to file a late petition for leave to appeal not because the claims contained in the application lacked merit or were prohibited by some procedural bar, but because the petition itself was untimely.

Accordingly, the one-year time limit in which petitioner could properly file his petition for writ of habeas corpus with this court began to run on December 19, 1997, when the Illinois Appellate Court denied petitioner's appeal, and expired on December 19, 1998, almost 21 months before petitioner actually filed his petition on September 5, 2000. As such, the petition can only be saved from dismissal for untimeliness if petitioner can show a basis equitably tolling the one-year limitations period. Plaintiff contends that the statute of limitations should be equitably tolled because his attorney did not inform him that his appeal had been denied and because he was undergoing psychiatric tests for fitness to stand trial at the time his appeal was denied. The judge-made doctrine of equitable tolling is available, in principle at least, to petitions for habeas

5

corpus under 28 U.S.C. § 2244. Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999). "Normally, however, a lawyer's mistake is not a valid basis for equitable tolling, and nothing in the present case justifies relaxing this rule; forcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer." Id. (citations omitted). Moreover, section 2244(d)(1) already contains an equitable-tolling provision, subsection (D), which postpones the running of the one-year limitation for the filing of a petition for habeas corpus to "the [earliest] date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See id. The Seventh Circuit has recognized that: "Given this and other express tolling provisions (28 U.S.C. § § 2244(d)(1)(B), (C), (2)), it is unclear what room remains for importing the judge-made doctrine of equitable tolling. . . . though [case law] assume[s] there is some . . . ." Id. Plaintiff's allegation of negligence on the part of his attorney is not sufficient to toll the statute of limitations, and plaintiff's incarceration in the psychiatric ward of the Cook County jail is likewise not sufficient to toll the statute of limitations for some 20 months. Plaintiff was undergoing testing for an upcoming trial at the time of the actual decision to deny his appeal, but was not physically or mentally incapacitated from filing a petition for habeas corpus in federal court or for leave to appeal to the Illinois Supreme Court for over 20 months. Given the length of plaintiff's delay, this court cannot conclude that plaintiff's allegations fall into the small and extraordinary circumstances left open in the doctrine of equitable tolling under section 2244.

## CONCLUSION

For the reasons stated, respondent James Schomig's motion to dismiss is GRANTED. Petitioner Sanantone Moss's petition for writ of habeas corpus is DISMISSED in its entirety as untimely.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN

United States District Judge

DATE: April 3, 2000